UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lashanette J. Keels,

      Plaintiff,

v.                                                          Case No.  14-12057
                                                            Honorable Sean F. Cox
                                                            Magistrate Judge David R. Grand

Commissioner of Social Security,

      Defendant.

_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE**

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's

determination that she is not entitled to disability insurance benefits for her physical and mental

impairments under 42 U.S.C. § 405(g).  (Doc. #1).

Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment.

(Doc. #11 and Doc. #13).  All proceedings in this case were referred to Magistrate Judge David R.

Grand pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  (Doc. #3).

On May 18, 2015, Magistrate Judge Grand issued a Report and Recommendation ("R&R")

wherein he recommended that the Court GRANT IN PART and DENY IN PART Plaintiff's Motion

for Summary Judgment, DENY Defendant's Motion for Summary Judgment, and remand the case

pursuant to sentence four of 42 U.S.C. § 405(g).  (R&R, Doc. #14).  Defendant timely filed

objections to the May 18, 2015 R&R, (Def. Objs., Doc. #15), and Plaintiff replied to Defendant's

objections.  (Doc. #16).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id*.

Having considered Defendant's objections to the R&R, the Court agrees that any error committed by the ALJ in this case is harmless.  The Court shall therefore sustain Defendant's objections, adopt in part and reject in part the R&R, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

## ANALYSIS

Plaintiff in this case alleges that she suffers from disabling back and knee pain, as well as depression and headaches.  (Tr. 13).

After reviewing the medical evidence, the ALJ assessed Plaintiff as having a Residual Functional Capacity ("RFC") that makes her capable of performing sedentary work with the following exceptions: she can lift and carry ten pounds occasionally; she can sit six hours in an eight-hour workday, and can stand and/or walk two hours in an eight-hour workday; she can occasionally climb, balance, kneel, crouch, and crawl; she can frequently stoop; she is limited to simple, concrete, two to three step routine and repetitive tasks; and she can briefly and superficially interact with others in the workplace.  (R&R at 14–15, *citing* Tr. at 15).

In determining Plaintiff's RFC, the ALJ afforded "great weight" to the opinion of the state agency medical consultant who opined that Plaintiff could perform work with those restrictions.  (Tr. at 17).  On the other hand, the ALJ afforded "limited weight" to the opinions of Plaintiff's internist

2

and occupational medicine physician who found Plaintiff to be "disabled from all occupational and household activities." (Tr. at 17).

At Step Five of the analysis, based on the testimony of the Vocational Expert ("VE"), the ALJ concluded that Plaintiff's RFC permits her to perform a number of jobs in the national economy, including assembler (DICOT 739.687-086, 1991 WL 680194), sorter (DICOT 521.687-086, 1991 WL 674226), and packer (DICOT 559.687-014, 1991 WL 683782). Based on the finding that Plaintiff could perform jobs that exist in significant numbers in the national economy, the ALJ concluded at Step Five that Plaintiff is not disabled. (Tr. at 19).

In Plaintiff's Motion for Summary Judgment, Plaintiff argued, *inter alia*, that the ALJ erred by failing to give due deference to her treating physicians' opinions concerning her knee condition. (Pl. Mo. at 17–20). Magistrate Judge Grand agrees. Insofar as the ALJ decided to afford "limited weight" to Plaintiff's treating physician's opinion that Plaintiff is completely unable to kneel, Magistrate Judge Grand recommends the Court find that the ALJ's decision is not supported by substantial evidence. (R&R at 18) (quoting *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. 2011) (holding that an ALJ must give "good reasons" for the weight given to a treating physician's opinion). Magistrate Judge Grand further finds that the ALJ has failed to justify the decision to afford "great weight" to the state agency medical consultant's conclusion that Plaintiff could engage in occasional kneeling. (R&R at 19). Magistrate Judge Grand recommends that the Court remand the case to the ALJ for a "more thorough evaluation of the treating physician records with respect to [Plaintiff's] knee impairment." (R&R at 20). Magistrate Judge Grand rejected Plaintiff's three other challenges to the ALJ's decision below. (R&R at 20–24).

Defendant has lodged one objection to Magistrate Judge Grand's May 18, 2015 R&R.

3

Defendant argues that even if the ALJ erred in crediting the consulting physician's opinion while somewhat discrediting the treating physician's contrary opinion, the error is harmless because the jobs that the ALJ found that Plaintiff could perform do not require kneeling. Thus, Defendant argues, remand is inappropriate, and judgment in favor of Defendant should be entered.

This Court shall sustain Defendant's objection and respectfully reject in part the Magistrate Judge's recommendation. An error of the "good reasons rule," which requires that the ALJ justify his or her choice to provide less than controlling weight to a treating physician's opinion, "can be deemed harmless error if (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (citation and internal quotation marks omitted).

Here, the Commissioner made a finding consistent with the treating physician's opinion that Plaintiff cannot perform a job that requires kneeling. That is, the Commissioner (by adopting the ALJ's opinion) found that Plaintiff is not disabled because she can perform sedentary jobs— namely, that of assembler, sorter and packer—that do not require kneeling. (Tr. at 18–19). Therefore, even if the ALJ had adopted Plaintiffs' treating physician's no-kneeling recommendation, the ALJ's ultimate conclusion at Step Five likely would have been the same. Thus, this Court finds that the ALJ's error, if any, is harmless, and remand is not warranted. This Court shall reject the R&R to the extent that it recommends otherwise.

Magistrate Judge Grand rejected Plaintiff's three other challenges to the ALJ's determination. Neither party has objected to that portion of the R&R. Further, this Court agrees

4

with the Magistrate Judge's analysis on those issues.  Accordingly, this Court shall adopt sections F.2, F.3 and F.4 of the May 18, 2015 R&R.

## ORDER

For the reasons set forth above, IT IS ORDERED that the Court ADOPTS IN PART and REJECTS IN PART the May 18, 2015 R&R.  (Doc. #14). IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. #11) is DENIED, Defendant's Motion for Summary Judgment (Doc. #13) is GRANTED, and this case shall be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 22, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

5